**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0628n.06

Case No. 18-5129

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WILLIAM R. VIRGIL, | ) | **FILED** |
| | ) | Dec 19, 2018 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| CITY OF NEWPORT, et al, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

BEFORE: MERRITT, COOK, and LARSEN, Circuit Judges.

COOK, Circuit Judge. Twenty-eight years after a jury convicted William Virgil of rape and murder, newly discovered DNA evidence won Virgil a new trial. The government re-presented Virgil's case to a grand jury that ultimately refused to indict him. Virgil then sued thirteen individual police officers for violating his constitutional right to a fair trial by, among other things, deliberately withholding exculpatory evidence during Virgil's original prosecution. Asserting qualified immunity, the individual police officers moved to dismiss. The district court found the officers ineligible for qualified immunity because clearly established law at that time required them to disclose such evidence. The officers appeal.

Our review of the record, the applicable law, and the parties' briefs convinces us that the district court's opinion comprehensively sets forth the governing law—*United States v. Moldowan*,

578 F.3d 351 (6th Cir. 2009)—and the correct analysis. None of the officers' arguments to the contrary undercuts our confidence in the district court's decision. Thus, rather than duplicate the district court's careful work with our own opinion, we affirm on the reasoning of Part II(B)(1)(ii) of its January 9, 2018 order denying the Newport Police Officers' motion to dismiss Count One on qualified-immunity grounds.

LARSEN, Circuit Judge, concurring in the judgment. In *Moldowan v. City of Warren*, this court held that it was clearly established in August 1990 that police officers had a duty to disclose evidence to the prosecutor when its "exculpatory value" was "apparent."[1] 578 F.3d 351, 388 (6th Cir. 2009). The question in this case is whether *Moldowan*'s rule was also clearly established two years earlier, in September 1988. In *D'Ambrosio v. Marino*, this court held that the *Moldowan* standard is "the functional equivalent of a requirement that the officer act in bad faith." 747 F.3d 378, 390 (6th Cir. 2014) (quotations omitted). On that understanding of the *Moldowan* test, I concur in the court's judgment that defendants are not entitled to qualified immunity.

Virgil has alleged that defendants deliberately concealed exculpatory evidence that was material to his case. He alleges, for example, that the officers tried to frame him; that they coerced an inmate to testify falsely that Virgil had confessed to the murder; and that they then deliberately suppressed exculpatory evidence regarding alternative suspects. Such conduct, if proved, would surely amount to bad faith or its functional equivalent; and there can be little question that it was well established before September 1988 that police officers could not *deliberately* conceal material, exculpatory evidence. *See, e.g.*, *Haley v. City of Boston*, 657 F.3d 39, 48–51 (1st Cir. 2011) (explaining that "in 1972, it was not clearly established that *Brady*'s no-fault disclosure obligation applied to police officers as opposed to prosecutors," but holding that it *was* clearly established then that "[d]eliberate concealment of material evidence by the police, designed to grease the skids for false testimony and encourage wrongful conviction, unarguably implicates a defendant's due process rights."); *Porter v. White*, 483 F.3d 1294, 1306 (11th Cir. 2007) ("[T]he law was clearly established as of 1987 and 1988 that a police officer had a duty not to intentionally

---

[1] I note that police officers have no duty to turn over evidence directly to a criminal defendant. Rather, any law enforcement duty is fulfilled by the surrender of evidence to the prosecutor. *D'Ambrosio v. Marino,* 747 F.3d 378, 389 (6th Cir. 2014).

withhold exculpatory evidence from the prosecution."); *Jones v. City of Chicago*, 856 F.2d 985, 995 (7th Cir. 1988) ("[A]ttempts to circumvent the rule of [*Brady*] by retaining records in clandestine files *deliberately concealed* from prosecutors and defense counsel cannot be tolerated." (emphasis added)).  Therefore, I concur in the judgment.